UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60073-CIV-DIMITROULEAS/SNOW

LETTY HERNANDEZ, et al.,

    Plaintiff,

v.

STARBUCKS COFFEE COMPANY,
a foreign corporation qualified to do
business in Florida as
STARBUCKS CORPORATION,

    Defendant.
_____/

**DEFENDANT STARBUCKS CORPORATION'S RENEWED MOTION FOR LEAVE TO TAKE MORE THAN 10 DEPOSITIONS PURSUANT TO FED. R. CIV. P. 30(a)(2)(i)**

    This litigation involves more than 700 current and former Starbucks store managers who have joined this action pursuant to the collective action provisions of 29 U.S.C. § 216(b). The 700 opt-in plaintiffs allege that their day-to-day work activities rendered them non-exempt from the overtime provisions of the Fair Labor Standards Act. To defend against these allegations, defendant Starbucks Corporation respectfully renews its request that the Court grant leave to exceed the 10-deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(i) so that the company may select 25 opt-in plaintiffs to depose regarding their claims. The company's first request, filed in November 2009 (DE 76), was not ruled upon by the Court. (*See* DE 79.) Subsequent events, as more fully explained below, along with the passage of time, have necessitated the filing of this renewed motion.

    Starbucks request for leave to take 25 depositions in this case is both reasonable and necessary. Collective actions under § 216(b) frequently involve depositions of hundreds of opt-

{M2959510;1}

in plaintiffs or a substantial portion of the opt-in class. Such discovery is necessary to allow the defendant to develop meaningful evidence to support its substantive defenses under the FLSA and test plaintiffs' contention that they are "similarly situated" under § 216(b). Here, Starbucks seeks leave to select a far more limited number of opt-in plaintiffs for deposition—less than 4 percent of the opt-in class—so that it can defend itself against plaintiffs' collective claims. The company's request to select only 25 opt-in plaintiffs for deposition is appropriate in light of the scope of this litigation and the importance of issues at stake in the action, and should be granted. Pursuant to Local Rule 7.1(a)(3), Starbucks has attempted in good faith to confer with plaintiffs' counsel in an effort to resolve the issues raised in this Motion, but the parties have been unable to come to a resolution.

## I.  BACKGROUND

### A.  Plaintiffs' FLSA Collective Action Claims

Plaintiff Letty Hernandez alleges that she and other "similarly situated" opt-in plaintiffs were improperly classified as exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*[1] This case has proceeded as a collective action under 29 U.S.C. § 216(b) since April 23, 2009, when the Court authorized the mailing of notice under the initial "lenient standard" of the two-stage *ad hoc* process set forth by the Eleventh Circuit in *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). (DE 33.) Unlike class actions under Rule 23, putative class members in FLSA collective actions must affirmatively "opt-in" to the litigation. *See, e.g.*, 29 U.S.C. § 216(b); *Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1016 (11th Cir. 2007). Less than 10 percent of the putative class—732 of the approximately

---

[1] Hernandez replaced the original named plaintiff, Ronald Reed, when he withdrew as a named plaintiff in September 2009. (DE 64.)

9,200 Starbucks store managers who worked during the relevant period—filed consents to join in response to plaintiffs' notice.

Individuals who opt-in to a collective action become "party plaintiffs" to the litigation, subject to a later, more stringent review by the Court regarding whether they are, in fact, similarly situated. *See* 29 U.S.C. § 216(b); *Hipp*, 252 F.3d at 1218. This review typically is initiated by a motion to decertify by the defendant once discovery is complete and the Court has more information upon which to base its "similarly situated" determination. *Hipp*, 252 F.3d at 1218. Thus, in a FLSA collective action such as this, discovery serves two purposes. The first is to allow the defendant to obtain information regarding whether plaintiffs are "similarly situated" under 29 U.S.C. § 216(b). *Id.* The second is to allow the parties to prepare their respective cases for trial. *Id.* (decertification stage in *ad hoc* process occurs when the "matter is ready for trial"). To allow the parties to address these issues, courts typically permit substantial discovery and depositions of a meaningful number of opt-in plaintiffs during the discovery period. *See, e.g., Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233,1244-45 (11th Cir. 2008); *Kaas v. Pratt & Whitney*, No. 89-8343, 1991 WL 158943, at *3 (S.D. Fla. Mar. 18, 1991).

Consistent with these principles, each of the putative class members in this case received a notice informing him or her of his or her rights and responsibilities if he or she chose to join this litigation. (DE 36-2; 37.) Among other disclosures, opt-in plaintiffs were informed that if they joined the lawsuit, they may be obligated to respond to written discovery or appear for a deposition. (*See* DE 36-2 at 2.)

### B.     Defendant's Requests to Depose 25 Opt-In Plaintiffs

In order to develop a record to defend against plaintiffs' claims, Starbucks proposed to plaintiffs in November 2009 that it be permitted to select 25 opt-in plaintiffs for deposition. (*See* Oleson Decl. ¶ 2.) Plaintiffs refused to stipulate to the additional requested depositions. (*See id.*)

Shortly after plaintiffs refused to consent to additional depositions, Starbucks filed a motion seeking various amendments to the Court's original case management order. (DE 76.) In addition to requesting that the Court extend the pre-certification deadlines established in the original case management order, Starbucks also sought leave to depose up to 25 opt-in plaintiffs selected by the company, in addition to plaintiffs' trial witnesses.[2] (*See* DE 76 at 7-9.) The Court granted the company's request to modify the deadlines in the case management order on November 25, 2009, but did not rule on its request to take depositions of 25 opt-in plaintiffs. (*See* DE 79.)

Since the Court issued its revised case management order, Starbucks has attempted to take discovery of opt-in plaintiffs but has been effectively prohibited from doing so. First, plaintiffs refused to respond to limited written discovery directed toward the opt-in plaintiffs that was intended to allow Starbucks to select a limited number of opt-in plaintiffs for more detailed discovery. (*See* DE 80 at 9-10.) Starbucks moved to compel responses to these requests on November 25, 2009. (*Id.* at 1.) Magistrate Judge Snow granted defendant's motion to compel responses from the opt-in plaintiffs as to virtually all of these requests on April 23, 2010. (DE

---

[2] Plaintiffs have repeatedly represented that Starbucks will be permitted to depose any opt-in plaintiffs they identify as trial witnesses. (*See* DE 77 at 4.) The Court thus need not grant leave for Starbucks to depose these individuals. *See, e.g.,* Fed. R. Civ. P. 30(a)(2)(A) (leave is not required to exceed 10-deposition limit where party has stipulated to deposition); Fed. R. Civ. P. 29(b) (permitting parties to stipulate to "procedures governing or limiting discovery").

118.) Plaintiffs' objections to this order were denied by the Court on June 4, 2010. (DE 132.) To date, Starbucks has not received any documents responsive to these requests, although plaintiffs have provided assurances that their responses will be forthcoming. (*See* Oleson Decl. ¶ 5.)

At the same time plaintiffs were denying Starbucks written discovery from the opt-in plaintiffs, they also were preventing Starbucks from conducting any depositions of these individuals. Starbucks noticed a limited number of opt-in plaintiffs for deposition in March 2010, but plaintiffs refused to proceed with these depositions. (*See, e.g.,* DE 119 at 3-5.) Plaintiffs instead filed a motion for protective order, arguing that Starbucks was only entitled to depose opt-in plaintiffs selected by plaintiffs' counsel as trial witnesses.[3] (DE 112 at 1-3.) Magistrate Judge Snow denied plaintiffs' motion on July 12, 2010, finding their position to be unsupported by "evidence (or logic)." (DE 144.)

Finally able to proceed with opt-in plaintiff discovery, Starbucks issued new deposition notices for seven opt-in plaintiffs on July 15, 2010, and requested that plaintiffs meet and confer regarding a reasonable limit on the number of opt-in plaintiffs that Starbucks could select for deposition. (*See* Oleson Decl. ¶ 3.) Plaintiffs responded on July 21, 2010, that they "do not agree that [Starbucks] may depose any more than 10 individuals total," thereby necessitating the instant motion. (*Id.* at ¶ 4.)

---

[3] At the time plaintiffs filed their motion for protective order, they had not yet identified any opt-in plaintiffs as trial witnesses. (*See* DE 119 at 5.) To date, plaintiffs still have not identified any opt-in plaintiffs that they intend to call as trial witnesses.

II. **ARGUMENT**

Defendant's request for leave to select up to 25 opt-in plaintiffs for deposition is a reasonable extension of the limits set forth in Rule 30(a)(2)(A)(i) and should be granted. This case is a nationwide collective action in which plaintiffs allege that they were misclassified as exempt and are "similarly situated" for purposes of the FLSA's collective action provision. Deposition testimony from a broad cross-section of plaintiffs is critical to the company's ability to defend itself in this action on both the merits and plaintiffs' claims of collective treatment.

Courts may grant leave to exceed the ten-deposition limit set forth in Rule 30(a)(2) where such an extension would comport with Federal Rule 26(b)(2). *See* Fed. R. Civ. P. 30(a)(2); *Bozeman v. Port-O-Tech Corp.*, No. 07-60569-CIV (RSR), 2008 WL 2690797, at *4 (S.D. Fla. July 2, 2008). Rule 26(b)(2) requires an examination of whether:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Starbucks request to take 25 depositions is consistent with Rule 26(b)(2) because it is neither unreasonably cumulative or duplicative, nor is it unduly burdensome in light of the scope of this litigation and the interests at stake.

This litigation is nationwide in scope and involves opt-in plaintiffs that worked in different geographic locations, under different district managers and regional directors, in different-sized stores, and over different time periods. Determining whether these disparate plaintiffs are exempt under the FLSA requires an "individual, fact-specific analysis of each employee's job responsibilities under the relevant statutory exemption criteria." *Holt v. Rite Aid*

*Corp.*, 333 F. Supp. 2d 1265, 1271-72 (M.D. Ala. 2004) (internal quotation & citation omitted); *see also, e.g.*, 29 C.F.R § 541.2; *Posely v. Eckerd Corp.*, 433 F. Supp. 2d 1287, 1306 (S.D. Fla. 2006). Because a determination of whether an employee's exempt status is tied to their actual job duties, *see, e.g., Morgan*, 551 F.3d at 1264 n.46, testimonial evidence is critical to both resolving plaintiffs' claims and determining whether they are "similarly situated." *See, e.g., Posely*, 433 F. Supp. 2d at 1304 (reviewing testimony of opt-in plaintiffs to determine exempt status); S*mith v. Heartland Auto. Servs., Inc.*, 404 F. Supp. 2d 1144, 1152-54 (D. Minn. 2005) (comparing testimony of opt-in plaintiffs regarding their job duties to find that they were not similarly situated); *Mims v. Starbucks Corp.*, No. H-05-0791, 2007 WL 10369, at *4, 8 (S.D. Tex. Jan. 2, 2007) (reviewing testimonial evidence of Starbucks store managers and finding them exempt as a matter of law).

Under these circumstances, discovery of a meaningful number of class members is "not only permissible, but 'essential'" to Starbucks' defense. *Coldiron v. Pizza Hut, Inc.*, No. CV:03-05865, 2004 WL 2601180, at *2 (C.D. Cal. Oct. 25, 2004). Starbucks must be permitted to cross-examine a reasonable number of opt-in plaintiffs so that it can develop evidence to support its exemption defense and attack plaintiffs' claim that they are "similarly situated."[4] *See, e.g., Kaas*, 1991 WL 158943 at *3 ("meaningful discovery is essential" for defendant to be able to challenge similarly situated status); *Russell v. Illinois Bell Tel. Co.*, No. 08-cv-1871, 2009 WL

---

[4] Because the "existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs," *Cameron-Grant v. Maxim Health Care Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003), opt-in plaintiffs in a collective action may not avoid their discovery obligations by claiming that they are "passive class members" like those in class actions under Rule 23. *See, e.g., Luna v. Del Monte Fresh Produce (Se.), Inc.*, No. 1:06-cv-2000-JEC, 2007 WL 1500269, at *7 (N.D. Ga. May 18, 2007) (opt-in plaintiff "are not absent members of a Rule 23 class action, but opt-in plaintiffs under § 216(b) of the FLSA. Having opted into the litigation, [plaintiffs] are not 'passive' in the same sense as absent Rule 23 class members").

1209025, at * 2 (N.D. Ill. Apr. 30, 2009) (allowing defendant to select and depose 27 out of 522 opt-in plaintiffs—5.2%—because of the "need to test the opt-in plaintiffs' (dis)similarities"). Limited discovery to develop this evidence is not cumulative or duplicative. *See, e.g., Russell*, 2009 WL 1209025, at * 2 (depositions of a limited number of opt-in plaintiffs in § 216(b) case not cumulative or duplicative where deponents worked at different facilities under different managers). Nor is it unduly burdensome in light of the scope of this litigation and the interests at stake. *See, e.g., id.*

Consistent with these principles, federal courts have routinely permitted defendants to depose far *more* opt-in plaintiffs in § 216(b) collective actions so that they may adequately defend against similar claims. *See, e.g., Morgan*, 551 F.3d at 1244-45) (noting that the district court allowed depositions of over 250 of 2,100 opt-in plaintiffs (11.9%) in case alleging misclassification of store managers as exempt); *Roots v. Morehouse School of Medicine, Inc.*, No. 1:07-cv-00112-JCF, 2009 WL 4798217, at *1 (N.D. Ga. Dec. 8, 2009) (noting that defendant deposed 16 of 59 opt-in plaintiffs (27%) in case alleging unpaid overtime ); *Williams v. Accredited Home Lenders, Inc.*, No. 1:05-cv-1681, 2006 WL 2085312, at *4 (N.D. Ga. July 25, 2006) (permitting full written or oral discovery of 20 of 150 opt-ins (13.3%) in case alleging unpaid overtime); *Bradford v. Bed Bath & Beyond, Inc.*, 184 F. Supp. 2d 1342, 1344 (N.D. Ga. 2002) (permitting full written and oral discovery of 25 of approximately 300 opt-ins (8.3%) in case alleging misclassification of department managers as exempt); *Russell*, 2009 WL 1209025, at *2 (allowing defendant to select and depose 27 out of 522 opt-in plaintiffs (5.2%) in case alleging unpaid overtime ).[5] Indeed, in some cases, courts have allowed defendants to depose the

---

[5] *See also Brennan v. Qwest Comms. Intern., Inc.*, Civil No. 07-2024 ADM/JSM, 2009 WL 1586721, at *11 (D. Minn. June 4, 2009) (noting that parties agreed to allow defendant to select

entire opt-in plaintiff class. *See, e.g., Daniel v. Quail Intern., Inc.*, No. 3:07-cv-53-CDL, 2010 WL 55941, at *1 (M.D. Ga. Jan 5, 2010) (allowing full written discovery and depositions of all 39 opt-in plaintiffs); *Kaas*, 1991 WL 158943, at *3, 8 (allowing full written discovery and depositions of all of the roughly 100 opt-in plaintiffs in ADEA § 216(b) collective action); *Rosen v. Reckitt & Colman, Inc.*, No. 91-CIV-1675 -LMM, 1994 WL 652534, at *4 (S.D.N.Y. Nov. 17, 1994) ("Fairness therefore mandates that [defendant] be granted an opportunity to depose each member of this [49-member opt-in] plaintiff class.").

Defendant's request here is far more modest. Starbucks seeks leave to select only 25 out of 737 opt-in plaintiffs – 3.25% of the opt-in class– for deposition. As shown above, this request is within the range of discovery permitted in other collective actions and essential to the company's ability to defend against plaintiffs' claims, and should be granted.

### III. CONCLUSION

For the foregoing reasons, the Court should grant leave to Starbucks under Fed. R. Civ. P. 30(a)(2) to select up to 25 opt-in plaintiffs for deposition in this litigation.

---

and depose 35 of the roughly 300 member opt-in class – approximately 10%); *Cranney v. Carriage Servs., Inc.*, No. 2:07-cv-01587-RLH, 2008 WL 2457912, at *3 (D. Nev. June 16, 2008) (permitting depositions of the named plaintiffs and 10% of the opt-in class).

Dated: August 2, 2010

Respectfully submitted,


 /s/ Susan N. Eisenberg
Susan N. Eisenberg, Esq. (Fla. Bar No. 600393)
susan.eisenberg@akerman.com
AKERMAN SENTERFITT
1 S.E. 3rd Avenue
28th Floor
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (facsimile)

Daniel L. Nash
dnash@akingump.com
Nathan J. Oleson
noleson@akingump.com
Juliet E. Gray
jegray@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
(202) 887-4000
(202) 887-4288 (facsimile)

ATTORNEYS FOR DEFENDANT
STARBUCKS CORPORATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendant Starbucks Corporation's Renewed Motion for Leave to Take More Than Ten Depositions Pursuant to Fed. R. Civ. P. 30(a)(2)(i) was electronically filed with the Clerk of the Court using CM/ECF this 2nd day of August 2010.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/ Susan N. Eisenberg
Susan N. Eisenberg, Esq.

{M2959510;1}

## SERVICE LIST

### CASE NO. 09-60073-CIV-DIMITROULEAS/SNOW

Daniel R. Levine, Esq.
Adam S. Chotiner, Esq.
Robin I. Cohen, Esq.
Shapiro, Blasi, Wasserman & Gora, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL 33434
(561) 477-7800
(561) 477-7722 (facsimile)

Susan N. Eisenberg, Esq.
Fla. Bar No. 600393
susan.eisenberg@akerman.com
AKERMAN SENTERFITT
1 S.E. 3rd Avenue
28th Floor
Miami, FL  33131
(305) 374-5600
(305) 374-5095 (facsimile)

Daniel L. Nash
dnash@akingump.com
Nathan J. Oleson
noleson@akingump.com
Juliet Gray
jgray@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, D.C.  200036
(202) 887-4000
(202) 887-4288 (facsimile)

{M2959510;1}

CASE NO. 09-60073-CIV-DIMITROULEAS/SNOW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60073-CIV-DIMITROULEAS/SNOW

LETTY HERNANDEZ, et al.,

    Plaintiff,

v.

STARBUCKS COFFEE COMPANY,
a foreign corporation qualified to do
business in Florida as
STARBUCKS CORPORATION,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on Defendant Starbucks Corporation's Renewed Motion for Leave to Take More Than Ten Depositions Pursuant to Fed. R. Civ. P. 30(a)(2)(i). After due consideration of the motion, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion is Hereby GRANTED. Defendant may select and depose up to 25 opt-in plaintiffs in addition to any of plaintiff's trial witnesses.

DONE AND ORDERED in Chambers at Ft. Lauderdale, Florida, on this the ___ day of August, 2010.

_____
Lurana S. Snow
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:
Daniel R. Levine, Esq.
Nathan J. Oleson, Esq.
Susan N. Eisenberg, Esq.