UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60073-CIV-DIMITROULEAS/BANDSTRA

LETTY HERNANDEZ, et al.,

      Plaintiff,

v.

STARBUCKS COFFEE COMPANY,
a foreign corporation qualified to do
business in Florida as
STARBUCKS CORPORATION,

      Defendant.

_____/

**DEFENDANT STARBUCKS CORPORATION'S REPLY
IN SUPPORT OF RENEWED MOTION FOR LEAVE TO TAKE MORE
THAN 10 DEPOSITIONS PURSUANT TO FED. R. CIV. P. 30(a)(2)(i) (DE 149)**

      In this nationwide collective action involving more than 700 plaintiffs, defendant Starbucks Corporation has asked this Court for leave to exceed the 10-deposition limit set forth in Rule 30(a)(2)(i) so that it may select a small portion of the class—25 opt-in plaintiffs—to depose regarding their claims. Plaintiffs' opposition to this motion does not seriously dispute that this type of additional discovery is routinely ordered in collective actions brought pursuant to 29 U.S.C. § 216(b). Nor could they. As shown in defendant's motion, there is an ample and unbroken line of case authority allowing defendants in such cases to depose far *more* opt-in plaintiffs. These courts have recognized that meaningful discovery of the opt-in class is necessary so that an employer may prepare its defense and move to decertify the case as a collective action.

Unable to respond to the merits of defendant's position, plaintiffs argue that defendant's request is untimely under Local Rule 26.1(h)(1). This argument also fails. Defendant first moved for leave to take more than 10 depositions in November 2009, but the Court never ruled on this request. In the interim, plaintiffs took the position that defendant could not select *any* opt-in plaintiffs for deposition. After the Court rejected plaintiffs' proposition in its July 13, 2010 Order, defendant moved immediately to obtain the 25 depositions it previously requested. Having succeeded in limiting defendant to only *one* deposition during the first 20 months of this litigation, plaintiff may not now claim that defendant's request to seek depositions from 25 opt-in plaintiffs is late. Defendant's request to take 15 additional depositions in a nationwide collective action of this magnitude is reasonable and should be granted.

I.      **STARBUCKS REQUEST FOR LEAVE TO TAKE TWENTY-FIVE OPT-IN PLAINTIFF DEPOSITIONS IS BOTH REASONABLE AND NECESSARY**

Because this litigation involves more than 700 opt-in plaintiffs, Starbucks request to take depositions of 25 of those opt-in plaintiffs—just over 3 percent of the entire class—is entirely reasonable and is necessary to allow defendant to develop meaningful evidence to support its defenses. Plaintiffs' opposition does not dispute the principle that opt-in plaintiffs in collective actions may not avoid their discovery obligations by claiming that they are "passive class members," (*see, e.g.*, DE 145 at 6-7 and n.4), nor do they substantively refute the numerous cases defendant cited in its motion in which courts have permitted more than 10 depositions of opt-in plaintiffs in section 216(b) collective actions. Instead, plaintiffs make conclusory arguments that misrepresent and misapply this authority in an attempt to distinguish those rulings from this matter.

For example, plaintiffs argue that "in *none* of the cases cited by Defendant where the court permitted excess depositions (a) was there a class of anywhere close to the size in this case

and (b) *had the court also permitted individualized written discovery from <u>each and every opt-in</u>* <u>*plaintiff*</u>."  (DE 149 at 4 (emphasis in original).)   However, the case authority cited by defendant includes several cases in which the defendant was permitted to seek written discovery from the entire opt-in class and take the depositions of a more limited number of individuals.  *See, e.g.*, *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1244 (11th Cir. 2008) (district court permitted depositions of over 250 opt-in plaintiffs and written discovery from the entire class of 2,100); *Russell v. Ill. Bell Tel. Co.*, No. 08-cv-1871, 2009 WL 1209025 (N.D. Ill. Apr. 30, 2009) (permitting defendant to take depositions of 27 of 522 opt-in plaintiffs for deposition and finding that defendant was entitled to responses to its requests for production of documents on a class-wide basis).  Plaintiffs conclusory representation thus is wrong, and is not a basis for denying defendant appropriate discovery in this case.

Plaintiffs' argument also fails on the merits, because it does not address the substance of defendant's request and the context in which it was made.  Defendant did not seek full written discovery from the entire class, although it could have done so.  *See, e.g.*, *Morgan,* 551 F.3d at 1233; *Kaas v. Pratt & Whitney,* No. 89-8343, 1991 WL 158943 at *3 (S.D. Fla. Mar. 18, 1991). Instead, it sought limited written discovery from the entire class so that it could narrow the number of opt-in plaintiffs from whom it would seek full written discovery and deposition testimony.  In this context, defendant's request for only 25 depositions—three percent of the class—is far less than what has been ordered in other cases.  *See, e.g.*, *Morgan*, 551 F.3d at 1233; *Kaas*, 1991 WL 158943 at *3 (allowing depositions and full written discovery of 100 opt-in plaintiffs); *Russell,* 2009 WL 1209025 at *2 (allowing depositions of 27 of 522 opt-in plaintiffs and written discovery of all plaintiffs); *Williams v. Accredited Home Lenders, Inc.,* No. 1:05-CV-1681, 2006 WL 2085312 at *4 (N.D. Ga. July 25, 2006) (permitting depositions and full written

discovery of 13 percent of class).  And, perhaps more importantly, plaintiffs do not identify a single case holding that the limited number of depositions being sought by defendant here is unduly burdensome in a class of this size.

The only case discussed in plaintiffs' opposition, *Russell*, supports defendant's request for 25 depositions.  In *Russell*, the district court allowed defendant to (1) select and depose 27 out of 522 opt-in plaintiffs in an FLSA collective action for unpaid overtime, and (2) serve document requests on the entire opt-in class.  *Russell,* 2009 WL 1209025 at *2-3.  Plaintiffs nonetheless attempt to argue that *Russell* supports their position because the court denied defendant's request for class-wide requests for admission.  (DE 149 at 4-5.)  But defendant has not sought leave to serve requests for admission on the opt-in plaintiffs.  Thus, plaintiffs are wrong when they suggest that *Russell* stands for the proposition that defendants may either have class-wide written discovery, or additional opt-in depositions, but not both.  To the contrary, the *Russell* court ordered that the defendant was entitled to both class-wide requests for production and a meaningful number of depositions.  *Russell,* 2009 WL 1209025 at *2-3.  Defendant has sought the same discovery here.

With no authority to support their position, plaintiffs suggest that defendant should not be allowed any additional depositions because the written discovery of the opt-in plaintiffs already ordered by the Court is enough.  (DE 149 at 5.)  But written discovery is no substitute for taking oral depositions.  *See, e.g.*, *In re Subpoena Issues to Dennis Friedman*, 350 F.3d 65, 69 n.2 (2d Cir. 2003); *Shoen v. Shoen*, 5 F.3d 1289, 1297 (9th Cir. 1993) (finding that "written interrogatories are rarely, if ever, an adequate substitute for a deposition"); *Brown v. Carr*, 236 F.R.D. 311, 313 (S.D. Tex. 2006) ("Production of documents is no substitute for a deposition. Indeed, one function of depositions is to ask questions about various documents and records.").

Defendant did not surrender its right to appropriate deposition discovery by seeking written discovery from all opt-in plaintiffs.  To the contrary, as noted above, defendant sought limited written discovery so that it could limit the number of depositions it required.

Plaintiffs have not identified any basis for denying defendant the opportunity to select a meaningful number of opt-in plaintiffs for deposition.  Because defendant's request to depose 25 opt-in plaintiffs is well within the limits typically ordered in similar cases, it should be granted.

## II.    <u>DEFENDANT'S MOTION IS NOT UNTIMELY</u>

Unable to meet defendant's arguments on the merits, plaintiffs' primary response to defendant's request is that it is prohibited by Local Rule 26.1(h)(1), which provides that "[a]ll motions related to discovery, including but not limited to motions to compel discovery and motions for protective order, shall be filed within thirty (30) days of the occurrence of the grounds for the motion."  S.D. Fla. L.R. 26.1(h)(1).  This argument fails because defendant has fully complied with its obligations under Local Rule 26.1(h)(1).

Plaintiffs do not dispute that defendant sought leave to depose 25 opt-in plaintiffs in November 2009, and that this request was never ruled upon.  (*See* DE 76, DE 79.)  When plaintiffs sought a protective order to prevent defendant from selecting *any* opt-in plaintiffs for deposition, defendant raised the issue again.  (*See* DE 119 at 8, n. 3).  Within 30 days of the Court's order denying plaintiffs' motion for protective order, defendant once again raised the issue with plaintiffs and filed a renewed motion with the Court.  (DE 145.)  Defendant was not required to make yet another request for this relief in the interim.  Nothing in the rule requires a party to renew a motion not acted upon within a particular amount of time.  *See* Local Rule 26.1(h)(1); *see also United States v. Certain Real Prop. Known as and Located at 6469 Polo Pointe Way, Delray Beach, Fla.*, 444 F. Supp. 2d 1258, 1261 (S.D. Fla. 2006) (rule does not

define what constitutes "occurrence of the grounds for the motion").  Moreover, it is disingenuous for plaintiffs to argue that defendant has run out of time to seek leave to depose more than 10 opt-in plaintiffs of its choosing when plaintiffs have spent the last several months arguing that defendant should not be allowed to select *any* opt-in plaintiffs for deposition.  (*See* DE 112.)

The evils Local Rule 26.1(h)(1) was designed to prevent are simply not present here. Local Rule 26.1(h)(1) was intended "to ensure that discovery motions are filed when ripe and not held until shortly before the close of discovery or the eve of trial."  Comment to S.D. Fla. L.R. 26.1(h)(1).  In *Kabula v. Southern Homes of Homestead VIII, Inc.*, No. 08-20685-CIV, 2008 WL 4691983, at *1 (S.D. Fla. Oct. 22, 2008), this Court found these concerns were "not compelling" where the motion was filed more than two *weeks* prior to the initial discovery cutoff, and more than three months before the trial date.  Here, defendant filed its motion more than two *months* before the close of discovery and more than five months before the trial date.  Moreover, because plaintiffs have been resisting defendant's attempts to depose any opt-in plaintiffs, depositions of opt-in plaintiffs are just beginning.  Defendant's motion thus is only now becoming ripe, because it has not yet had the opportunity to take the first 10 opt-in plaintiff depositions to which it indisputably is entitled.

Plaintiffs' accusation that defendant's renewal of its motion is an attempt to delay this litigation is disingenuous.  As noted above, defendant requested leave to take these additional depositions in November 2009, noted its outstanding request for this relief in March 2010, and promptly renewed its motion in July 2010 when plaintiffs' motion for a protective order as to any depositions was denied.  Plaintiffs have been resisting defendant's attempts to take discovery for nearly a year.  Plaintiffs cannot delay discovery for almost the entire discovery period and then,

when the Court rejects their obstructionist tactics, claim that it is too late for defendant to receive

discovery it has already sought.  Plaintiffs' contention that defendant has not complied with

Local Rule 26.1(h)(1) is baseless and should be denied.[1]

## III.   <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant leave to Starbucks under Rule 30(a)(2)

of the Federal Rules of Civil Procedure to select up to 25 opt-in plaintiffs for deposition in this

litigation.

Dated: August 30, 2010

Respectfully submitted,

 /s/ Susan N. Eisenberg
Susan N. Eisenberg, Esq. (Fla. Bar No. 600393)
susan.eisenberg@akerman.com
AKERMAN SENTERFITT
1 S.E. 3rd Avenue
28th Floor
Miami, FL  33131
(305) 374-5600
(305) 374-5095 (facsimile)

---

[1] Even if defendant's renewed motion was untimely, Rule 26.1(h)(1) would not bar defendant from obtaining a ruling on its motion because the rule is permissive.  *See* S.D. Fla. L.R. 26.1(h)(1) ("Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, *may* constitute a waiver of the relief sought.") (emphasis supplied).  "[B]ecause [Rule 26.1(h)] is permissive, this Court has discretion to grant a discovery motion even if it is technically filed late."  *Kabula v. S. Homes of Homestead VIII, Inc.,* No. 08-20685-CIV, 2008 WL 4691983, at *2 (S.D. Fla. Oct. 22, 2008).  To the extent necessary, it is appropriate for the Court to decline plaintiffs' request that it not consider the motion. Defendant's multiple good faith attempts to obtain this relief earlier and the impact plaintiffs' own conduct has had in frustrating defendant's attempts to obtain discovery constitute good cause in and of themselves.  In addition, denying defendant a reasonable opportunity would raise due process concerns regarding its ability to defend against the collective claims of plaintiffs. *See, e.g., Morgan*, 551 F.3d at 1244-45 (rejecting due process concerns raised by defendant in collective action because, *inter alia*, defendant had the opportunity to take discovery of all 2,100 opt-in plaintiffs and depositions of more than 250 opt-in plaintiffs).

Daniel L. Nash
dnash@akingump.com
Nathan J. Oleson
noleson@akingump.com
Juliet E. Gray
jegray@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, D.C.  20036
(202) 887-4000
(202) 887-4288 (facsimile)

ATTORNEYS FOR DEFENDANT
STARBUCKS CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of Defendant Starbucks Corporation's

Reply in Support of Renewed Motion for Leave to Take More Than Ten Depositions Pursuant to

Fed. R. Civ. P. 30(a)(2)(i) was electronically filed with the Clerk of the Court using CM/ECF

this 30th day of August 2010.  I also certify that the foregoing document is being served this day

on all counsel of record identified on the Service List via transmission of Notice of Electronic

Filing generated by CM/ECF.


  /s/ Susan N. Eisenberg
Susan N. Eisenberg, Esq.

## <u>SERVICE LIST</u>

**CASE NO. 09-60073-CIV-DIMITROULEAS/BANDSTRA**

Daniel R. Levine, Esq.
Adam S. Chotiner, Esq.
Robin I. Cohen, Esq.
Shapiro, Blasi, Wasserman & Gora, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL 33434
(561) 477-7800
(561) 477-7722 (facsimile)

Susan N. Eisenberg, Esq.
Fla. Bar No. 600393
susan.eisenberg@akerman.com
AKERMAN SENTERFITT
1 S.E. 3rd Avenue
28th Floor
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (facsimile)

Daniel L. Nash
dnash@akingump.com
Nathan J. Oleson
noleson@akingump.com
Juliet Gray
jegray@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, D.C.  200036
(202) 887-4000
(202) 887-4288 (facsimile)

{M2968850;1}