UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60073-CIV-DIMITROULEAS/SNOW

LETTY HERNANDEZ, et al.,

Plaintiff,

v.

STARBUCKS COFFEE COMPANY, a foreign corporation qualified to do business in Florida as STARBUCKS CORPORATION,

Defendant.
_______________________________________/

**DEFENDANT STARBUCKS CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF APRIL 23, 2010 ORDER**

A motion for reconsideration is an extraordinary remedy that may be granted only where the law has changed, new evidence is available, or a clear error of fact or law has occurred. Plaintiffs' September 23, 2010 motion for reconsideration of the Court's April 23, 2010 Order does not implicate any of these principles. Instead, it is plaintiffs' third attempt to avoid their obligation to provide limited written discovery from all 700 opt-in plaintiffs. As the Court has already found, this discovery is appropriate and frequently utilized in "opt-in" collective actions such as this case.

Plaintiffs' motion argues that hundreds of opt-in plaintiffs who have refused to respond to this discovery should not be required to do so because it is unduly burdensome. Plaintiffs already have argued and lost this position twice. The law does not allow them to rehash these issues a third time. The Court has entered a final and binding order under which opt-in plaintiffs are required to respond to a small number of targeted discovery requests. The fact that some opt-

in plaintiffs are not willing to abide by this Order is not a basis to vacate it. Nor is it a basis to stop the opt-in plaintiff discovery process and declare it a "representative sample" as plaintiffs propose. As the Court has already found, the law does not require representative samples, and simply allowing individuals who have thus far resisted discovery to not respond is not a "representative sample" in any event.

Granting plaintiffs' motion would reward those plaintiffs who have ignored their discovery obligations over the hundreds of opt-in plaintiffs who have obeyed the Court's directive. Plaintiffs have identified no basis to support this result, other than to claim that the discovery deadline is fast approaching and their paralegal is expending significant time coordinating plaintiffs' responses. The former justification is no longer relevant—on October 7, 2010, the Court extended the discovery deadline in this case by six months. The latter argument is likewise baseless—the fact that one employee at plaintiffs' law firm is spending time attempting to contact recalcitrant clients does not justify overturning a prior order or denying Starbucks necessary discovery. Plaintiffs' motion is meritless and should be denied.

## I. BACKGROUND

### A. Plaintiffs' FLSA Collective Action Claims

Plaintiff Letty Hernandez alleges that she and 732 other "similarly situated" opt-in plaintiffs were improperly classified as exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. This case has been proceeding as a collective action under 29 U.S.C. § 216(b) since April 23, 2009, when the Court authorized the mailing of

notice under the initial "lenient standard" of the two-stage *ad hoc* process set forth by the Eleventh Circuit in *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001).[1]

Unlike class actions under Rule 23, putative class members in FLSA collective actions must affirmatively "opt-in" to the litigation and become "party plaintiffs" to the action. *See, e.g.*, 29 U.S.C. § 216(b); *Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1016 (11th Cir. 2007). Thus, they "are not 'passive' in the same sense as absent Rule 23 class members," *see Luna v. Del Monte Fresh Produce (Southeast), Inc.*, No. 1:06-CV-2000 JEC, 2007 WL 1500269, at *7 (N.D. Ga. May 18, 2007), and are subject to discovery so that the employer may prepare its defense to the merits of plaintiffs' claims and their contention that they are similarly situated. *See Kaas v. Pratt & Whitney*, No. 89-8343-CIV-PAINE, 1991 WL 158943, at *5 (S.D. Fla. Mar. 18, 1991). Consistent with these principles, each opt-in plaintiff was informed that he or she may be obligated to provide information in response to discovery requests in the stipulated notice sent to them informing them of this lawsuit. (*See* DE 36-2 at 3.)

**B. The April 23, 2010, and June 4, 2010 Orders**

Starbucks served written discovery on named plaintiff Hernandez on September 21, 2009. (*See* DE 80, Ex. 1 ¶¶ 3, 6-7.) On October 5, 2009, Starbucks served separate discovery requests on all opt-in plaintiffs. (*See* DE 118 at 2-3; DE 80 at 4-5.) Unlike the comprehensive written discovery served on Hernandez, the company's written discovery to all plaintiffs was narrowly focused on three interrogatories and four document requests. The company's interrogatories request that each plaintiff identify: (1) any declarations or other statements he or she may have signed, (2) his or her employers during the class period, and (3) any prior testimony describing

---

[1] Plaintiff Hernandez and the 732 opt-in plaintiffs constitute less than 10 percent of the 9,200 putative class members who were given notice of this litigation. (DE 55-2; 62-2.)

his or her work at Starbucks. (DE 80 at 4-5 and Ex. 1 ¶¶ 4, 13-14.) The company's document requests ask each plaintiff to produce: (1) resumes and applications for employment; (2) documents pertaining to his or her interrogatory responses; (3) documents relating to his or her job activities or hours worked as a store manager (beyond any corporate manuals or other company-created documents they may possess); and (4) any declarations signed by the opt-in plaintiff. (*Id.*) On November 9, 2009, plaintiffs responded to these requests by refusing to provide any of the requested documents or information. (*See* DE 80 at 5.) Starbucks moved to compel responses to its discovery requests as to all plaintiffs on November 25, 2009. (*See* DE 80.)

On April 23, 2010, Magistrate Judge Snow issued an order granting defendant's motion to compel in part and denying it in part. (*See* DE 118.) Judge Snow's order recognized that "in *Hipp*, the Eleventh Circuit clearly differentiated between procedures for a Rule 23 class . . . and a § 216(b) collective action" and that "§ 216(b) discovery generally exceeds the scope permitted by Rule 23." (*Id.* at 7, 10.) After rejecting plaintiffs' argument that representative sampling was the norm in a § 216(b) collective action, Judge Snow found: (1) "[t]he plaintiff has not demonstrated that the limited discovery sought would be unduly burdensome or harassing" and (2) that Starbucks "needs the information to determine whether to seek to decertify the class." (*Id.* at 10.) Judge Snow accordingly granted the motion to compel responses to the three interrogatories and three of the four requests for production.[2] (DE 118 at 16-17.)

Plaintiffs filed objections to Magistrate Judge Snow's order on May 7, 2010. (DE 125.) Plaintiffs "argue[d] that Magistrate Judge Snow's Order was clearly erroneous" and requested

---

[2] Judge Snow denied the company's motion to compel declarations or affidavits executed by opt-in plaintiffs, but required that plaintiffs identify these individuals in their interrogatory responses so that Starbucks could take discovery of them. (*Id.*)

that Judge Dimitrouleas "reverse that portion of Magistrate Judge Snow's Order which permits Defendant to obtain individualized discovery from each and every class member." (DE 132 at 1, 2.) On June 4, 2010, Judge Dimitrouleas affirmed Judge Snow's April 23, 2010 Order, finding that the April 23, 2010 Order was neither clearly erroneous nor contrary to law. (DE 132 at 3.) Specifically, Judge Dimitrouleas held that:

> Plaintiffs have offered no support for their argument that this somehow precludes such discovery in the present litigation or makes Magistrate Judge Snow's conclusion regarding this issue "clearly erroneous." Further, Plaintiffs have offered no arguments or evidence showing that Magistrate Judge Snow's Order was inconsistent with the controlling authority such that the Order was "contrary to law."

(DE 132 at 3.)

### C. <u>Plaintiffs' Failure to Comply With The Court's Order</u>

Pursuant to the April 23, 2010 Order, all plaintiffs were obligated to provide complete responses to the company's written discovery to the opt-in plaintiffs by July 6, 2010. (*See* DE 118 at 16-17.) On July 6, 2010, plaintiffs' counsel informed Starbucks that plaintiffs would require additional time to respond to the discovery requests. (DE 156-1 at ¶ 9.) Starbucks agreed to grant plaintiffs an extension provided that they agreed to: (1) produce opt-in plaintiffs' responses on a rolling basis; and (2) set a final date by which the production would be complete. (*See id.*)

Despite multiple requests by Starbucks, plaintiffs did not provide any discovery until August 20, 2010, producing responses on behalf of approximately 127 plaintiffs. (DE 156-1 at ¶ 11.) On September 17, 2010, plaintiffs provided responses for approximately 85 additional opt-in plaintiffs. (*Id.* at ¶ 14.) To date, plaintiffs have produced less than 5,000 pages of documents in total, with the majority of individuals producing fewer than ten pages of documents. (*Id.* at ¶¶ 11, 14.) In total, only 126 plaintiffs have provided complete discovery responses, and

approximately 97 additional plaintiffs have provided incomplete or partial responses. (*See generally id.*) More than 500 opt-in plaintiffs, approximately 70 percent of the opt-in class, have refused to comply with the Court's discovery order, and have provided no response whatsoever. (*See id.*)

## II. ARGUMENT

Plaintiffs fail to demonstrate that they are entitled to the extraordinary remedy of reconsideration, nor have they shown that they face an undue burden in responding to three document requests and three interrogatories. As a result, the Court should deny plaintiffs' motion for reconsideration.

### A. Plaintiffs Are Not Entitled To Reconsideration

Plaintiffs have not met the stringent standard required for motions for reconsideration. "Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly-discovered evidence. *Id.* at 1369 (*citing Z. K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Thus, a motion for reconsideration is appropriate only where: (1) there has been an intervening change in controlling law; (2) new evidence is available regarding the issues previously litigated; or (3) there is a need to correct clear error of fact or law. *See, e.g., Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002).

A motion for reconsideration is not meant to give a disappointed litigant a second "bite at the apple." *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985). Reconsideration is appropriate only where a Court has made an "error not of reasoning, but of apprehension . . ." *Z.K. Marine, Inc.*, 808 F. Supp. at 1563. Thus,"[i]t is well-established

that arguments that were or should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Gaisser v. Portfolio Recovery Assocs.*, LLC, No. 08-60177-CIV, 2009 WL 590167, at *1 (S.D. Fla. Feb. 26, 2009), *citing Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). Parties seeking reconsideration may not make new arguments that were previously available, or reargue issues previously determined by the district court. *See id.*; *Z. K. Marine Inc.*, 808 F. Supp. at 1563 ("A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision."). This standard properly conserves scarce judicial resources. *See Burger King Corp.*, 181 F. Supp. 2d at 1370.

Plaintiffs have not established that the extraordinary remedy of reconsideration is appropriate here. Plaintiffs do not identify any new legal authority that has been issued since the Court's April 23, 2010 Order, much less any authority that would compel the Court to overturn its decision. Instead, plaintiffs recite the same cases that it cited in its opposition to defendant's motion to compel, or similar cases that plaintiffs could have argued in their opposition. Re-arguing these cases is improper on a motion for reconsideration. *See, e.g., Gaisser*, 2009 WL 590167, at *1 ("[i]t is well-established that arguments that were or should have been raised in the first instance are not appropriate grounds for a motion for reconsideration"). As this Court has found, Magistrate Judge Snow's order allowing was neither clearly erroneous nor contrary to law. (DE 132 at 3.) Nothing in the law has changed to alter this result.

Similarly, no newly-discovered evidence justifies reconsideration of the Court's April 23, 2010 Order. Plaintiffs' counsel submits the declaration of a paralegal who claims to be spending significant time attempting to elicit responses from their clients, but this is not a basis to

reconsider the Court's decision or deny Starbucks necessary discovery.[3] (DE 155-1.) The issue of undue burden was addressed and rejected by the Court in its prior Order. (DE 118 at 10.) The fact that plaintiffs' counsel's *paralegal* must dedicate time to responding to these requests is not a basis to deny Starbucks necessary discovery. (*See* DE 80 at 12.) Nor should it be surprising to plaintiffs' counsel, which has represented that they are experienced class counsel capable of adequately representing their clients' interests. (*See* DE 5 at ¶ 3.)

The "burden" alleged by plaintiffs' counsel does not relate to any difficulty the opt-in plaintiffs have in responding to the three interrogatories and three document requests. Instead, plaintiffs' counsel focus almost exclusively on their own difficulty in getting their clients to respond to their requests. (DE 155-1 at ¶¶ 7-10.) However, a lawyer's difficulty in communicating with his or her client is not an "undue burden." *See Top Entm't Inc. v. Ortega*, 285 F.3d 115, 118 (1st Cir. 2002) ("Counsel's inability to contact his clients thus is not a supportable justification" for failure to respond to a Court's order); *Spiller v. U.S.V. Labs., Inc.*, 842 F.2d 535, 537 (1st Cir. 1988) ("The defendant should not be made to suffer because the plaintiff has failed to establish an effective means of communication with his attorney."); *Smith v. Shalala*, No. 92-7060, 1994 WL 14636, at *1 (N.D.Ill. Jan. 20, 1994) ("It is both an attorney's responsibility to maintain communication with his or her client and a client's obligation to keep in touch with his or her lawyer.").

---

[3] Specifically, the paralegal, Alicia Kendrick, describes the "burden" imposed by class wide discovery as: (1) difficulty communicating with plaintiffs due to different time zones and schedules; (2) computer difficulties; (3) changes in plaintiffs' contact information; (4) the slowness of the U.S. mail; (5) the sheer volume of documents and emails received and reviewed; (6) responding to plaintiffs' inquiries and assisting them in preparing responses; and (7) having to send follow-up and reminder emails and making follow-up and reminder phone calls. (DE 155-1 at ¶ ¶ 7, 10.)

If it has become burdensome for plaintiffs' counsel to obtain responses from their clients, the appropriate remedy is for these individuals to be dismissed from the litigation for their failure to comply with their discovery obligations. *See, e.g., Anderson v. Cagle's Inc.*, 488 F.3d 945, 950 (11th Cir. 2007) (noting that 115 opt-in plaintiffs were dismissed for failure to comply with discovery requests); *Kohlheim v. Glynn County, Ga.*, 915 F.2d 1473, 1474 n.1 (11th Cir. 1990) (noting that several FLSA plaintiffs were dismissed for failing to answer discovery requests); *Pluviose v. Am. Coach Lines of Orlando, Inc.*, 2009 WL 2382250, at *2 (M.D. Fla. 2009) (dismissing 54 opt-in plaintiffs for their failure to comply with the Court's discovery orders); *Saxton v. Young*, 479 F. Supp. 2d 1243, 1247 (N.D. Ala. 2007) (noting that the court previously dismissed several opt-in plaintiffs for failure to respond to discovery and failure to prosecute their claims).[4] Thus, the fact that plaintiffs' counsel's paralegal is spending time attempting to obtain and compile discovery responses from plaintiffs is not "new evidence" that would justify reconsideration of the Court's original order.

Finally, plaintiffs fail to show that reconsideration is necessary to correct a "clear error" of fact or law in the Court's April 23 and June 4, 2010 Orders. To the contrary, plaintiffs admit that "[i]n bringing this motion, [they] do not seek to challenge the wisdom behind the Court's prior discovery order." (DE 155 at 9.) Nor could they. As the Court has already found, nothing in Magistrate Judge Snow's April 23, 2010 Order is clearly erroneous or contrary to law. (DE 132 at 3.)

---

[4] *See also Brennan v. Qwest Communications Intern.*, No. 07-2024 ADM/JSM, 2009 WL 1586721, at *8 (D. Minn. June 4, 2009) (dismissing 91 opt-in plaintiffs under Rule 37(b) and Rule 41(b) for failure to respond to discovery requests and failure to properly execute their interrogatory responses); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2009 WL 1773133, at *2, 5 (N.D. Cal. June 19, 2009 (dismissing 99 opt-in plaintiffs for failure to respond to discovery requests).

Plaintiffs also argue that the alleged "burden" in producing responses justifies reconsideration because requiring complete responses would threaten the Court's discovery deadline. This argument is moot. On October 7, 2010, the Court extended the discovery deadline in this case by six months, until April 2011, due to plaintiffs' delays in providing discovery to Starbucks. (DE 161.) Plaintiffs' contention that requiring them to comply with their discovery obligations will affect the trial date in this case are therefore irrelevant. (DE 155 at 4.) Even if they were not, they would have been meritless. It would be illogical to allow parties to refuse to provide already-ordered discovery and then absolve them of this failure because discovery is about to close.

**B. Plaintiffs Are Not Entitled To Impose Use of A Random Sample On Starbucks**

Although plaintiffs do not dispute the "wisdom behind the Court's prior discovery order," they claim that the Order should not be followed because the already-produced materials are a sufficient representative sample. (DE 155 at 7-10.) Plaintiffs theorize that the fact that some opt-in plaintiffs have responded justifies relieving the majority of plaintiffs from their discovery obligations. As shown above, this is not a valid basis for a motion for reconsideration. Plaintiffs' argument that a random sample should be used instead of individual opt-in plaintiff discovery was made and rejected by Magistrate Judge Snow. (DE 80 at 16-17.) Plaintiffs may not attempt to argue this issue more strenuously in a motion for reconsideration. *See, e.g., Z. K. Marine Inc.*, 808 F. Supp. at 1563 ("A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision."). But even if the Court were to consider plaintiffs' arguments a second time, they would fail.

Plaintiffs argue that discovery from a representative sample is standard in an FLSA action (*see* DE 155 at 5-7), but as Starbucks showed in its briefing on the motion to compel, this is not

the case. Courts regularly order the same type of limited written discovery of opt-in plaintiffs that Starbucks is seeking here. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1244 (11th Cir. 2008) (allowing defendant to serve 25 interrogatories on each of the over 2,100 opt-in plaintiffs); *Kaas*, 1991 WL 158943, at *5 (allowing defendant to serve interrogatories and document requests upon all opt-in plaintiffs).[5] As this Court already has recognized, the 732 opt-in plaintiffs are "party plaintiffs" to this action under 29 U.S.C. § 216(b) and have affirmatively decided to opt-in to this action. (DE 118); *see also, e.g., Kaas,* 1991 WL 158934, at *2. As such, they have agreed to actively participate as a party in this litigation and have subjected themselves to the discovery process. *See Luna v. Del Monte Fresh Produce (Se.), Inc.*, 2007 WL 1500269, at *7 (N.D. Ga. May 18, 2007). Plaintiffs identify no requirement in the law that representative sampling be used in lieu of limited classwide discovery in collective actions.

Plaintiffs argue that several cases have used representative sampling, but these cases are inapposite. First, most of the cases cited by plaintiffs involve the use of representative *testimony,* frequently to establish damages in cases brought by the Secretary of Labor.[6] Starbucks is not seeking to depose every opt-in plaintiff, and the issues for which the company is seeking limited

---

[5] *See also Brennan v. Qwest Comms. Intern., Inc.*, 2009 WL 1586721, at *11 (D. Minn. June 4, 2009) (requiring all 300-plus opt-in plaintiffs to "answer outstanding Interrogatories and produce documents in response to outstanding Requests for Document Production"); *Huang v. Gateway Hotel Holdings*, 2008 WL 2486030, at *2 (E.D. Mo. June 18, 2008) (allowing defendant to "serve five interrogatories on each opt-in Plaintiff"); *Coldiron v. Pizza Hut, Inc.*, 2004 WL 2601180, at *2 (C.D. Cal. 2004) (requiring each of over 300 opt-in plaintiffs to respond to interrogatories and document requests).

[6] *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *Reich v. Southern New England Telecomms. Corp.*, 121 F.3d 58 (2d Cir. 1997); *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 701-02 (3d Cir. 1994); *Secretary of Labor v. DeSisto*, 929 F.2d 789 (1st Cir. 1991); *McLaughlin v. Ho Fat Seto*, 850 F.2d 586 (9th Cir. 1988); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113 (4th Cir. 1985); *Donovan v. Simmons*, 725 F.2d 83 (10th Cir. 1983); *Brennan v. General Motors Acceptance Corp.*, 482 F.2d 825 (5th Cir. 1973); *Bradford v. Bed, Bath & Beyond, Inc.*, 184 F. Supp. 2d 1342 (N.D. Ga. 2002); *Adkins v. Mid Am. Growers, Inc.*, 143 F.R.D. 171 (N.D. Ill. 1992); *Geer v. Challenge Fin. Inv. Corp.*, 2007 WL 1341774 (D. Kan. 2007).

written discovery do not go to damages, but instead plaintiffs' job duties and their allegation that they are "similarly situated." The company's requests are also made in the context of a collective action under 29 U.S.C. § 216(b). The Secretary of Labor is not bound by this provision, and thus the fact that the Secretary may use representative testimony in other contexts has no relevance here. *See, e.g.*, 29 U.S.C. §§ 216(b) (applying "similarly situated" standard only to cases brought by private party plaintiffs), 216(c), 217 (providing cause of action to Secretary of Labor).

Second, none of these cases compel this Court to use a representative sample. To the contrary, courts within this Circuit have repeatedly held defendants may obtain far *more* discovery from each opt-in plaintiff in similar actions. (*See supra* at 10.) The Court has already determined that the discovery Starbucks seeks here is appropriate under these standards. Nothing in plaintiffs' cited authority suggests this prior order was erroneous, much less that the Court is required to use sampling in this context.

Finally, plaintiffs' argument to declare the currently-provided discovery as a "representative sample" fails because plaintiffs have not shown that the piecemeal discovery produced so far is representative. Plaintiffs do not show that these responses capture the diversity of the opt-in class relating to geography, tenure, time period, store size, or other relevant factors. Moreover, these plaintiffs were not randomly selected. The sampling of plaintiffs who have produced responses to discovery to date is skewed because it includes either: (1) discovery that plaintiffs' counsel has reviewed and decided to produce; or (2) discovery from "self-selected" plaintiffs who have chosen to comply with the Court's order. Excluded from this "sample" are more than 500 opt-in plaintiffs who apparently feel no obligation to comply with the Court's order or do not desire to produce responsive documents because they support Starbucks position. This is not a random sample.

To limit Starbucks to only the skewed class wide discovery produced to date would prejudice the company and impede its ability to defend itself in this action. Due process requires that Starbucks should not be limited to discovery from only those plaintiffs who feel most strongly about their claims and choose to actively participate in this action. *See, e.g.*, *Power-One, Inc. v. Artesyn Techs., Inc.*, No. 2:05-CV-463, 2007 WL 2986671, at *5 (E.D. Tex. Oct. 11, 2007) ("[a] party . . . should still be given an opportunity to fully respond to defend against the theories presented, and courts must be ever aware of the due process rights of the parties").

As shown above, plaintiffs' request for a random sample must be denied at the threshold because it does not meet the requirements for reconsideration. But even if consideration of plaintiffs' random sampling argument was procedurally proper, it would not be convincing. Starbucks has already established that the need for limited individual opt-in plaintiff discovery outweighs any burden this discovery may impose. (*See, e.g.*, DE 80.) Plaintiffs may not frustrate the company's ability to obtain already-ordered discovery by refusing to respond, and then claiming that their co-plaintiffs have already done enough. Casual disregard of a Court's discovery orders should not be encouraged.

Here, approximately 70 percent of the plaintiff class has refused to provide any discovery whatsoever after having over four months to respond. These plaintiffs should not be allowed to ride the coattails of their fellow litigants. *See Luna*, 2007 WL 1500269, at *7 (compelling discovery because "[p]laintiffs . . . are not absent members of a Rule 23 class action, but opt-in plaintiffs under § 216(b) of the FLSA. Having opted into the litigation, [plaintiffs] are not 'passive' in the same sense as absent Rule 23 class members"). Each plaintiff affirmatively chose to join this litigation after being informed of a potential obligation to provide discovery. (DE 36-2 at 3.) They may not now avoid this obligation because they have not acted diligently

or in good faith in responding to Starbucks request. Plaintiffs' motion for reconsideration, including their request for random sampling, should be denied.

## III. CONCLUSION

For the foregoing reasons, Starbucks respectfully requests that this Court deny Plaintiffs' Motion for Reconsideration of April 23, 2010 Order.

Dated: October 8, 2010

Respectfully submitted,

/s/ Susan N. Eisenberg
Susan N. Eisenberg, Esq. (Fla. Bar No. 600393)
susan.eisenberg@akerman.com
AKERMAN SENTERFITT
1 S.E. 3rd Avenue
28th Floor
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (facsimile)

Daniel L. Nash
dnash@akingump.com
Nathan J. Oleson
noleson@akingump.com
Juliet E. Gray
jegray@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
(202) 887-4000
(202) 887-4288 (facsimile)

ATTORNEYS FOR DEFENDANT
STARBUCKS CORPORATION

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of Defendant Starbucks Corporation's Opposition to Plaintiffs' Motion for Reconsideration of April 23, 2010 Order was electronically filed with the Clerk of the Court using CM/ECF this 8th day of October 2010. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/ Susan N. Eisenberg
Susan N. Eisenberg, Esq.

**SERVICE LIST**

**CASE NO. 09-60073-CIV-DIMITROULEAS/SNOW**

Daniel R. Levine, Esq.
Adam S. Chotiner, Esq.
Robin I. Cohen, Esq.
Shapiro, Blasi, Wasserman & Gora, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL 33434
(561) 477-7800
(561) 477-7722 (facsimile)

Susan N. Eisenberg, Esq.
Fla. Bar No. 600393
susan.eisenberg@akerman.com
AKERMAN SENTERFITT
1 S.E. 3rd Avenue
28th Floor
Miami, FL 33131
(305) 374-5600
(305) 374-5095 (facsimile)

Daniel L. Nash
dnash@akingump.com
Nathan J. Oleson
noleson@akingump.com
Juliet E. Gray
jegray@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
(202) 887-4000
(202) 887-4288 (facsimile)